UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

T.L. and D.L. on behalf of their child B.L.,

         Plaintiffs,

   -against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK a/k/a THE BOARD
OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

         Defendant.

**ANSWER**

10 CV 3125 (SLT) (LB)

------------------------------------------------------------ x

   Defendant, the New York City Department of Education ("DOE"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint dated July 6, 2010, respectfully alleges as follows:

   1.  Denies the allegations set forth in paragraph "1" of the Complaint, except admits that this action was commenced following the March 12, 2010 decision of the State Review Officer ("SRO") referred to therein, that such decision is attached to the Complaint as Exhibit "A," and that plaintiffs purport to proceed as stated therein. Defendant further respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

   2.  Denies the allegations set forth in paragraph "2" of the Complaint, except admits that (a) an impartial due process hearing was requested through plaintiffs' advocate by letter dated January 15, 2009, (b) an impartial hearing commenced on May 18, 2009, (c) the Impartial Hearing Officer ("IHO") found that the parents were entitled to tuition reimbursement, (d) the IHO ordered DOE to reimburse plaintiffs for the cost of B.L.'s tuition at Winston

Preparatory School ("Winston Prep") for the 2008-2009 school year in the amount of $43,500.00, and (e) the decision of the IHO is attached to the Complaint as Exhibit "B." DOE respectfully refers the Court to the IHO's decision dated December 4, 2009 for a complete and accurate statement of its findings and rulings.

3. Denies the allegations set forth in paragraph "4" of the Complaint,[1] except admits that (a) DOE timely filed a petition for review at the New York State Office of State Review, (b) in a decision dated March 12, 2010, the SRO held that DOE had offered B.L. a free appropriate public education ("FAPE") for the 2008-2009 school year, (c) the recommendations within B.L.'s Individualized Education Program ("IEP") included that he be placed in a Collaborative Team Teaching ("CTT") class with a 14:1 staffing ratio and receive the related services of Counseling and Speech and Language Therapy, and (d) plaintiff purports to proceed as set forth therein. DOE respectfully refers the Court to the SRO's decision dated March 12, 2010 for a complete and accurate statement of its findings and rulings.

4. Denies the allegations set forth in paragraph "5" of the Complaint, except admits upon information and belief that plaintiffs are the parents of B.L. and that plaintiffs purport to invoke the Court's jurisdiction, denies knowledge or information sufficient to form a belief as to where B.L. resides, and affirmatively avers that B.L., as a child with a disability, is entitled to a FAPE as set forth in the IDEA and that DOE is a local educational agency as defined by the IDEA, and respectfully refers the Court to the IDEA and Article 89 of the New York Education Law regarding the duties of DOE.

5. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as stated therein, and respectfully

---

[1] Plaintiffs' Complaint omits paragraph "3."

refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

      6.    Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiffs purport to lay venue in this judicial district as stated therein and that DOE has offices in New York County, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions. Denies the allegations set forth in paragraph "A" (after paragraph "7" and before paragraph "8") of the Complaint.

      7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits upon information and belief that B.L. was born on May 8, 1993, and respectfully refers the Court to the hearing record for information about B.L.'s behaviors, abilities, performance levels, and learning characteristics during the 2008-2009 school year.

      8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" on page 3 of the Complaint, and respectfully refers the Court to the hearing record for information about B.L.'s behaviors, abilities, performance levels, and learning characteristics during the 2008-2009 school year.[2]

      9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" on pages 3-4 of the Complaint, except admits that B.L. has been diagnosed with attention deficit hyperactivity disorder ("ADHD"), and respectfully refers the Court to the hearing record for information about B.L.'s behaviors, abilities, performance levels, and learning characteristics during the 2008-2009 school year.

---

[2] There are two paragraphs numbered "9" and two paragraphs numbered "10" within the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" on page 4 of the Complaint, except admits upon information and belief that (a) B.L. underwent a neurodevelopmental evaluation at the McCarton Center in New York in April 2006, (b) recommendations were made based on the evaluation, and (c) those recommendations included, inter alia, placement in a school that has small classes and specialized resources for meeting B.L.'s needs and that would provide a positive environment.

11. Denies the allegations set forth in paragraph "10" on page 4 of the Complaint, except admits that the parents' advocate participated via telephone in a June 10, 2008 meeting of a Committee on Special Education ("CSE"), and that such meeting was held to develop an IEP for B.L. for the 2008-2009 school year. Defendant affirmatively states that the CSE included both of B.L.'s parents, who participated by telephone.

12. Admits the allegations set forth in paragraph "11" of the Complaint that the CSE's classification of disability was "Other Health Impairment" and that such classification is not in dispute.

13. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that (a) the CSE recommended a change in services from the prior year, (b) the prior year's recommendations included a special class with a 12:1:1 staffing ratio in a community school, and (c) the CSE recommended that B.L. be placed in a CTT class with a 14:1 staffing ratio and receive the related services of counseling and speech and language therapy.

14. Denies the allegations set forth in paragraph "13" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, and affirmatively states that by the conclusion of the CSE review, the CSE was aware that plaintiffs did not agree with the program recommendation.

17. Admits the allegations set forth in paragraph "16" of the Complaint, and respectfully refers the Court to the July 23, 2008 letter referred to therein for a complete and accurate statement of its contents.

18. Admits the allegations set forth in paragraph "17" of the Complaint that in a letter dated August 15, 2008, plaintiff T.L. informed DOE that that she would enroll B.L. in Winston Prep for the 2008-2009 school year.

19. Admits the allegations set forth in paragraph "18" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, except denies that Gail Trimmer

26. Denies the allegations set forth in paragraph "25" of the Complaint, except admits that B.L. would have received collaborative team teaching in Math, Science, English and Social Studies.

27. Denies the allegations set forth in paragraph "26" of the Complaint, and affirmatively states that (a) during the 2008-2009 school year B.L. would have been in a general education classroom for Spanish and Physical Education at the recommended placement, (b) in such classes, the general education teachers work with special education teachers to implement CTT students' IEPs, and (c) students are required to earn seven credits in elective areas in order to graduate, and two of those credits must be in the arts (visual arts, music, dance, and/or theatre).

28. Admits upon information and belief the allegations set forth in paragraph "27" of the Complaint.

29. Denies the allegations set forth in paragraph "28" of the Complaint, except admits that at the beginning of the 2008-2009 school year the CTT class in which B.L. would have been placed at the recommended placement contained 22 students and that such class contained 25 students at the time of the impartial hearing.

30. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that a letter addressed to DOE and dated October 10, 2008 indicated that (a) plaintiff T.L. did not find the recommended program appropriate, (b) B.L. would be enrolled in Winston Prep, and (c) plaintiffs would be requesting an impartial hearing. Defendant further respectfully refers the Court to the October 10, 2008 letter for a complete and accurate statement of its contents.

31. Denies the allegations set forth in paragraph "30" of the Complaint.

32. Denies the allegations set forth in paragraph "31" of the Complaint. Denies the allegations set forth in paragraph "B" (after paragraph "31" and before paragraph "32") of the Complaint.

33. Denies the allegations set forth in paragraph "32" of the Complaint.

34. Denies the allegations set forth in paragraph "33" of the Complaint.

35. Denies the allegations set forth in paragraph "34" of the Complaint.

36. Denies the allegations set forth in paragraph "35" of the Complaint.

37. Denies the allegations set forth in paragraph "36" of the Complaint.

38. Denies the allegations set forth in paragraph "37" of the Complaint.

39. Denies the allegations set forth in paragraph "38" of the Complaint.

40. Denies the allegations set forth in paragraph "39" of the Complaint, and respectfully refers the Court to the IDEA and Article 89 of the New York Education Law regarding the duties of DOE.

41. Denies the allegations set forth in paragraph "40" of the Complaint.

42. Denies the allegations set forth in paragraph "41" of the Complaint. Denies the allegations set forth in paragraph "C" (after paragraph "41" and before paragraph "42") of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except admits that Winston Prep is a private school.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

45. Denies the allegations set forth in paragraph "44" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Winston Prep's staffing ratio.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

48. Denies the allegations set forth in paragraph "47" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations about B.L.'s literature course.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

53. Denies the allegations set forth in paragraph "52" of the Complaint.

54. Denies the allegations set forth in paragraph "53" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to B.L.'s in-class activities.

55. Denies the allegations set forth in paragraph "54" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that B.L. did not fail any classes, that B.L. is earning credits toward a high school diploma at Winston Prep, and that B.L. is "on track to graduate."

56. Denies the allegations set forth in paragraph "55" of the Complaint. Denies the allegations set forth in paragraph "D" (after paragraph "55" and before paragraph "56") of the Complaint.

57. Denies the allegations set forth in paragraph "56" of the Complaint, except admits that a letter dated August 15, 2008 was submitted through an advocate and that plaintiffs disagreed with the program recommendation, and denies knowledge or information sufficient to form a belief as to the truth of the allegations about what plaintiffs expressed at the June 10, 2008 CSE meeting. Denies the allegations set forth in paragraph "E" (after paragraph "56" and before paragraph "57") of the Complaint.

58. Denies the allegations set forth in paragraph "57" of the Complaint, except admits that the SRO rendered a decision dated March 12, 2010 adverse to B.L.'s parents, and respectfully refers the Court to that decision for a complete and accurate statement of its findings and rulings.

59. Denies the allegations set forth in paragraph "58" of the Complaint, and respectfully refers the Court to the March 12, 2010 SRO decision for a complete and accurate statement of its contents.

**AS AND FOR A FIRST DEFENSE:**

60. Defendant offered B.L. a free appropriate public education.

### AS AND FOR A SECOND DEFENSE:

61. Plaintiffs have failed to meet their burden under the applicable law to demonstrate that the unilateral placement for B.L. selected by plaintiffs was appropriate to meet B.L.'s unique needs.

### AS AND FOR A THIRD DEFENSE:

62. The equities do not favor plaintiffs in this matter.

### AS AND FOR A FOURTH DEFENSE:

63. Plaintiffs fail to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH DEFENSE:

64. At all times relevant to the acts alleged in the complaint, defendant acted reasonably, properly, lawfully and in good faith.

### AS AND FOR A SIXTH DEFENSE:

65. Defendant did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A SEVENTH DEFENSE:

66. Plaintiffs failed to provide appropriate and/or timely notice to defendant of their intent to unilaterally enroll B.L. in a private school and to seek reimbursement from defendant.

**WHEREFORE**, defendant requests judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        September 13, 2010

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the City of New York
                    Attorney for Defendant
                    100 Church Street, Room 2-185
                    New York, New York 10007
                    Tel:  212-788-0908
                    Fax: 212-788-0940
                    tgantz@law.nyc.gov

By:      s/
      Toni Gantz
      Assistant Corporation Counsel

To:  Neal Rosenberg, Esq.
     Attorney for Plaintiff
     9 Murray Street, Suite 4W
     New York, NY 10007
     (via ECF)