10 CV 3125 (SLT) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

T.L. and D.L. on behalf of their child B.L.,

                                    Plaintiffs,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK a/k/a THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                                    Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY  10007

Of Counsel:  Toni Gantz
Tel:  (212) 788-0908

# TABLE OF AUTHORITIES

**Cases**

A.H. ex rel. J.H. v. N.Y. City Dep't of Educ.,
  652 F. Supp. 2d 297 (E.D.N.Y. 2009) ............................................................................... 3-4

Cerra v. Pawling Cent. Sch. Dist.,
  427 F.3d 186 (2d Cir. 2005) ................................................................................................ 2

Florence County Sch. Dist. Four v. Carter,
  510 U.S. 7 (1993) ................................................................................................................ 3

M.P.G. v. N.Y. City Dep't of Educ.,
  2010 U.S. Dist. LEXIS 88777 (S.D.N.Y. Aug. 27, 2010) ................................................... 2

S.W. v. N.Y. City Dep't of Educ.,
  646 F. Supp. 2d 346 (S.D.N.Y. 2009) ................................................................................. 4

Sch. Comm. of Burlington v. Dep't of Educ.,
  471 U.S. 359 (1985) ............................................................................................................ 3

Tarlowe v. N.Y. City Bd. of Educ.,
  2008 U.S. Dist. LEXIS 52704 (S.D.N.Y. July 3, 2008) ...................................................... 2

Werner v. Clarkstown Cent. Sch. Dist.,
  363 F. Supp. 2d 656 (S.D.N.Y. 2005) ................................................................................. 3


**Statutes**

20 U.S.C. § 1400 ....................................................................................................................... 1

20 U.S.C. § 1414 ....................................................................................................................... 2

34 C.F.R. § 300.323 .................................................................................................................. 2

8 N.Y.C.R.R. § 200.4 ................................................................................................................ 2


**Other**

United States Department of Education Policy Letter, May 26, 2004 ..................................... 2

**PRELIMINARY STATEMENT**

Defendant New York City Department of Education ("DOE") respectfully submits this reply memorandum of law in further support of its motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

In their memorandum of law dated March 3, 2011 submitted in opposition to defendant's motion, plaintiffs fail to address defendants' arguments and fail to cite a single judicial decision in support of their contentions. As set forth below and in defendant's prior papers, plaintiffs' arguments should be rejected because (i) the Individualized Education Program ("IEP") proposed for the Student conformed to the procedural requirements of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*., and was reasonably calculated to confer educational benefit, (ii) plaintiffs' unilateral placement was inappropriate, and (iii) the equitable considerations favor defendant. Accordingly, this Court should grant defendant's motion and dismiss plaintiffs' complaint in its entirety.

**ARGUMENT**

**PLAINTIFFS ARE NOT ENTITLED TO TUITION REIMBURSEMENT**

In opposing defendant's motion, plaintiffs simply reiterate the arguments made in their initial motion papers,[1] arguments that generally lack both factual and legal support. Defendant thus respectfully refers the Court to defendant's moving memorandum of law dated January 7, 2011 and defendant's opposition memorandum of law dated March 3, 2011 for its response to these arguments. Defendant also respectfully refers the Court to Defendant's Local Rule 56.1 Statement of Undisputed Facts dated January 7, 2011 ("Def.'s 56.1 Statement") and

---

[1] Pursuant to the Court's Orders dated December 17, 2010 and February 18, 2011, the parties served cross-motions for summary judgment on January 7, 2011, and opposition papers on March 3, 2011.

1

Defendant's Response to Plaintiffs' Rule 56.1 Statement dated March 3, 2011 for an accurate statement of the relevant facts in this matter.

In their opposition brief, plaintiffs also contend that DOE "delayed" in recommending a program and/or placement for the Student and "deprived the parent of an opportunity to visit the program." (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. 7, 8, Mar. 3, 2011 [hereinafter "Pls.' Opp'n Mem."].) As a threshold matter, insofar as plaintiffs contend that DOE delayed with respect to the provision of the Student's IEP or Final Notice of Recommendation ("FNR"), any such contention is completely without factual or legal support. As the Second Circuit has held, school districts fulfill their legal obligations "by providing the IEP before the first day of school." Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 194 (2d Cir. 2005); see also, e.g., M.P.G. v. N.Y. City Dep't of Educ., 2010 U.S. Dist. LEXIS 88777, at *25-27 (S.D.N.Y. Aug. 27, 2010) (describing the applicable regulations and finding no violation of the IDEA where plaintiff received an IEP and FNR by August 14, 2007 for the 2007-2008 school year at issue). DOE provided plaintiffs with the IEP and an offer of a specific placement no later than July 2008, when the FNR was issued. (See, e.g., Def.'s Ex. 4 at 1 (noting that the IEP had been attached to the July 23, 2008 FNR).) As DOE provided both the IEP and a recommended placement well before the beginning of the school year (see, e.g., Def.'s Ex. 3 at 2 (stating that the IEP's projected initiation date was September 2, 2008)), its timing in doing so did not run afoul of the IDEA. See, e.g., M.P.G., 2010 U.S. Dist. LEXIS 88777, at *26; Tarlowe v. N.Y. City Bd. of Educ., 2008 U.S. Dist. LEXIS 52704, at *18 (S.D.N.Y. July 3, 2008); see generally 20 U.S.C. § 1414(d)(2)(A); 34 C.F.R. § 300.323(a); 8 N.Y.C.R.R. § 200.4(e)(1)(ii).

There is also no authority for plaintiffs' suggestion that their rights were deprived because they did not visit the recommended placement until after the commencement of the

school year, as no such right to visit a proposed placement (let alone to visit a proposed placement at a particular time) is delineated under the IDEA, relevant state laws, or the court decisions interpreting them. Indeed, the United States Department of Education has explicitly opined that "neither the statute nor the regulations implementing the IDEA provide a general entitlement for parents of children with disabilities, or their professional representatives, to observe their children in any current classroom or proposed educational placement." See Letter from the United States Department of Education Office of Special Education and Rehabilitative Services to Shari A. Mamas (May 26, 2004), http://www2.ed.gov/policy/speced/guid/idea/letters/2004-2/mamas052604placement2q2004.pdf. In short, plaintiffs' contentions are meritless.

In addition, plaintiffs fail to acknowledge in their opposition brief that they had entered into a contract obligating them to pay tuition for the Student's attendance at Winston Prep for the 2008-2009 school year, and had in fact paid a deposit and half of the tuition costs due, *even before the IEP review* on June 10, 2008. Although plaintiffs are correct in stating that parents are not prohibited from entering into a contract with a private school prior to the start of the school year, it is well-established that they do so "at their own financial risk." Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 15 (1993) (quoting Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359, 373-74 (1985)). Plaintiffs' assertion that they "had no choice but to secure a seat at a private school and could not wait until September to begin the search" (Pls.' Opp'n Mem. 8) rings hollow in light of the undisputed fact that they had executed the Winston Prep contract for the 2008-2009 school year as early as April 15, 2008 (see Def.'s 56.1 Statement ¶ 9; Pl.'s Resp. to Def.'s Rule 56.1 Statement ¶ 9, Mar. 1, 2011). Moreover, the Student had been attending Winston Prep (during the 2007-2008 school year) at the time that plaintiffs executed the contract for his enrollment for the 2008-2009 school year, and there is absolutely no

evidence that they ever "searched" for or seriously considered *any* other school for the Student to attend. Plaintiffs' actions thus demonstrate that they only desired for the Student to remain at Winston Prep, that they never intended to place the Student in or even seriously consider the public school program offered by DOE, and that plaintiffs "then took steps to try to get the District to pay for the boy's private school education"; these actions are not what the IDEA contemplates, and preclude tuition reimbursement. Werner v. Clarkstown Cent. Sch. Dist., 363 F. Supp. 2d 656, 661 (S.D.N.Y. 2005); see, e.g., A.H. ex rel. J.H. v. N.Y. City Dep't of Educ., 652 F. Supp. 2d 297, 313 (E.D.N.Y. 2009), aff'd in part, rev'd in part on another ground, 2010 U.S. App. LEXIS 17173 (2d Cir. Aug. 16, 2010); S.W. v. N.Y. City Dep't of Educ., 646 F. Supp. 2d 346, 364 (S.D.N.Y. 2009).

## **CONCLUSION**

Based on the foregoing and on defendant's previous papers, defendant New York City Department of Education respectfully requests that defendant's motion for summary judgment be granted, that plaintiffs' complaint be dismissed in its entirety, and that the Court grant defendant such other and further relief as the Court deems just and proper.

Dated:      March 17, 2011
            New York, New York

>                                MICHAEL A. CARDOZO
>                                Corporation Counsel of the City of New York
>                                Attorney for Defendant
>                                100 Church Street, Room 2-185
>                                New York, NY 10007
>                                (212) 788-0908
>                                Fax: (212) 788-0940
>                                tgantz@law.nyc.gov
>
>                                By:_____s/_____
>                                     Toni Gantz
>                                     Assistant Corporation Counsel