UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

T.L. and D.L. on behalf of their child B.L.,

          Plaintiffs,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK a/k/a THE BOARD OF EDUCATION
OF THE CITY SCHOOL DISTRICT OF THE CITY OF
NEW YORK,

          Defendant.

------------------------------------------------------------------ x

**DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56.1 STATEMENT**

10 CV 3125 (SLT) (LB)

  Pursuant to Rule 56.1 of the Local Civil Rules of this Court, Defendant's Response to Plaintiffs' Rule 56.1 Statement ("Plaintiffs' Statement") is set forth below:

  1. Defendant denies the assertions set forth in paragraph "1" of Plaintiffs' Statement, states that plaintiffs have cited no evidence in support of their assertions, and states that Plaintiffs requested an impartial hearing by letter dated January 15, 2009. Def.'s Ex. 1 at 1.

  2. Defendant denies the assertions set forth in paragraph "2" of Plaintiffs' Statement, except admits that the impartial hearing underlying the present action addressed whether plaintiffs were entitled to tuition reimbursement following their unilateral placement of B.L. in a private school, states that plaintiffs have cited no evidence in support of their assertions, and respectfully refers the Court to the administrative record for a complete and accurate statement of the issues that were the subject of the impartial hearing. See, e.g., Tr. of Impartial Hrg. before Mindy Wolman, Impartial Hearing Officer, in Case No. 120133, May 18-July 23, 2009 [hereinafter "Tr."].[1]

---

[1] The impartial hearing was conducted over four dates: May 18, 2009, May 21, 2009, June 24,

3. Defendant admits the assertions set forth in paragraph "3" of Plaintiffs' Statement, and respectfully refers the Court to the decision of the Impartial Hearing Officer ("IHO") dated December 4, 2009 for a complete and accurate statement of its findings and rulings. See Compl. Ex. B.

4. Defendant admits the assertions set forth in paragraph "4" of Plaintiffs' Statement.

5. Defendant denies the assertions set forth in paragraph "5" of Plaintiffs' Statement, except admits that (a) in a decision dated March 12, 2010, the State Review Officer ("SRO") of the New York State Education Department held that DOE had offered B.L. a free appropriate public education ("FAPE") for the 2008-2009 school year, (b) the recommendations within B.L.'s Individualized Education Program ("IEP") included that he be placed in a Collaborative Team Teaching ("CTT") class with a 14:1 staffing ratio and receive the related services of Counseling and Speech and Language Therapy, and (c) the recommendations were sufficient to meet B.L.'s needs. See Compl. Ex. A.

6. Defendant denies the assertions set forth in paragraph "6" of Plaintiffs' Statement, except admits that plaintiffs presently appeal from the SRO's decision dated March 12, 2010. See Compl.; id. at Ex. A.

7. Defendant denies the assertions set forth in paragraph "7" of Plaintiffs' Statement, except admits that B.L. was born on May 8, 1993, see, e.g., Def.'s Ex. 3 at 1,[2] and states that B.L.'s intellectual ability has been found to be "average to high average, with the

---

2009, and July 23, 2009.

[2] Unless otherwise indicated, citations to "Def.'s" and "Pls.'" exhibits refer to the exhibits submitted by the parties in the state administrative proceedings and made part of the hearing record provided to this Court.

exception of processing speed," Def.'s Ex. 7 at 7; see also Def.'s Ex. 3 at 3, and that defendant does not have sufficient information concerning the truth of the assertions regarding where B.L. currently lives.

8. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "8" of Plaintiffs' Statement, which appear to concern B.L.'s present behaviors, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents. Defendant further respectfully refers the Court to the administrative record for information concerning B.L.'s behaviors prior to and/or during the 2008-2009 school year at issue. See, e.g., Def.'s Exs. 3 at 4, 7 at 3.

9. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "9" of Plaintiffs' Statement, which appear to concern B.L.'s present abilities, except admits that B.L.'s processing speed was impaired prior to and/or during the 2008-2009 school year at issue and that B.L. has reportedly been diagnosed with attention deficit hyperactivity disorder, and respectfully refers the Court to the transcript and exhibit cited therein for a complete and accurate statement of their contents. Defendant further states that towards the end of the 2008-2009 school year, B.L. was estimated to be working below grade level in writing. See, e.g., Tr. 164.

10. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "10" of Plaintiffs' Statement, which appear to concern B.L.'s present behaviors, except admits that prior to and/or during the 2008-2009 school year at issue, B.L. could be impulsive and distractible, states that plaintiffs have cited no evidence in support of their assertions, and respectfully refers the Court to the administrative record and B.L.'s June

10, 2008 Individualized Education Program ("IEP") for additional information concerning B.L.'s behaviors, abilities, performance levels, and learning characteristics during the 2008-2009 school year. See, e.g., Def.'s Ex. 3.

11. Defendant denies the assertions set forth in paragraph "11" of Plaintiffs' Statement, except admits that in April 2006, B.L. underwent a neurodevelopmental evaluation at the McCarton Center in New York, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement of its contents. Defendant further states that the report of the McCarton evaluation included several recommendations, among which was that B.L. be placed in a school with "small classes and specialized resources" for meeting his needs, see Def.'s Ex. 7 at 9, but that the report also noted that B.L. was "generally functioning well," and required "some additional intervention to help him achieve to his full potential," id. at 8.

12. Defendant denies the assertions set forth in paragraph "12" of Plaintiffs' Statement, and states that the CSE annual review referred to therein was *held* on June 10, 2008.

13. Defendant admits the assertions set forth in paragraph "13" of Plaintiffs' Statement.

14. Defendant admits the assertions set forth in paragraph "14" of Plaintiffs' Statement.

15. Defendant denies the assertions set forth in paragraph "15" of Plaintiffs' Statement, except admits that plaintiffs did not agree with the recommendation of a CTT class, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents. Defendant further states that plaintiff T.L. testified that she did not think that the CTT class was appropriate for B.L. because plaintiffs' advocate (who represented plaintiffs in the administrative proceedings) told her it was not appropriate for him. See Tr. 249;

see also, e.g., Tr. 1.

16. Defendant denies the assertions set forth in paragraph "16" of Plaintiffs' Statement, except admits that plaintiff T.L. testified that her advocate advocated against the CTT recommendation during the IEP meeting, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents.

17. Defendant denies the assertions set forth in paragraph "17" of Plaintiffs' Statement, except admits that at the conclusion of the CSE review, the CSE was aware that plaintiffs did not agree with the recommendation of a CTT class, and states that plaintiffs did not object to or disagree with the other recommendations contained in the IEP, such as the goals and objectives and the related services recommendations. See Tr. 242-43.

18. Defendant admits the assertions set forth in paragraph "18" of Plaintiffs' Statement to the extent that plaintiffs refer to the Final Notice of Recommendation dated July 23, 2008 as delineating recommendations for B.L. for the 2008-2009 school year.

19. Defendant admits the assertions set forth in paragraph "19" of Plaintiffs' Statement insofar as the parent referred to is plaintiff T.L.

20. Defendant admits the assertions set forth in paragraph "20" of Plaintiffs' Statement insofar as the parent referred to is plaintiff T.L.

21. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "21" of Plaintiffs' Statement, except admits that plaintiff T.L. testified that she was recovering from surgery in September 2008, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents. Defendant further states that the record does not

contain evidence as to why plaintiff D.L. could not visit the recommended placement in September 2008.

22. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "22" of Plaintiffs' Statement, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents.

23. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "23" of Plaintiffs' Statement, except admits that plaintiff T.L. testified that she saw a CTT class of about "16 through 20" students with a general education teacher and a special education teacher, see Tr. 224-25, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents.

24. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "24" of Plaintiffs' Statement, except admits that plaintiff T.L. testified that she saw the special education teacher in the class for twenty minutes and that she saw him speak to a group of about four students and leave, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents.

25. Defendant denies the assertions set forth in paragraph "25" of Plaintiffs' Statement, and without admitting the truth of the testimony cited therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents.

26. Defendant denies the assertions set forth in paragraph "26" of Plaintiffs' Statement, except admits that Gail Trimmer was the Compliance Coordinator for Special

Education at the recommended placement during the 2008-2009 school year; does not have sufficient information concerning the truth of the assertions regarding whether plaintiff T.L. spoke with Ms. Trimmer or what, if anything, plaintiff T.L. said; and states that Ms. Trimmer testified that B.L. would have been appropriately placed in the proposed CTT class at the recommended placement. See Tr. 52, 68, 72.

27. Defendant denies the assertions set forth in paragraph "27" of Plaintiffs' Statement, except admits that B.L. would have received CTT instruction in math, science, English Language Arts, and social studies, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents. See Tr. 31, 58.

28. Defendant denies the assertions set forth in paragraph "28" of Plaintiffs' Statement, except admits that students are required to earn seven credits in elective areas in order to graduate and that two of those credits must be in the arts (which include art and music), and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents. Defendant further states that B.L. would have been in a general education class with support in classes such as Spanish, art, music, technology, and law. See Tr. 33-34, 76-77.

29. Defendant denies the assertions set forth in paragraph "29" of Plaintiffs' Statement, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents.

30. Defendant denies the assertions set forth in paragraph "30" of Plaintiffs' Statement, except admits the assertions regarding the number of students in the recommended CTT class during the 2008-2009 school year, and states that the 14:1 ratio stated on B.L.'s June 10, 2008 IEP refers to a maximum number of fourteen students-with-IEPs per special education teacher.

31. Defendant denies the assertions set forth in paragraph "31" of Plaintiffs' Statement, except admits that a letter dated October 10, 2008 stated that (a) plaintiffs had observed the recommended placement, (b) plaintiff T.L. "did not find the program appropriate for [B.L.]," and (c) B.L. would be enrolled in Winston Prep for the 2008-2009 school year and plaintiffs would be requesting an impartial hearing, and respectfully refers the Court to the letter cited therein for a complete and accurate statement of its contents.

32. Defendant denies the assertions set forth in paragraph "32" of Plaintiffs' Statement, denies that the cited exhibit provides support for plaintiffs' assertions, and states that the June 10, 2008 IEP appropriately described B.L.'s then-present reading, writing, and math levels, academic performance and learning characteristics, academic management needs, and levels of social/emotional performance. See Def.'s Ex. 3 at 3-4.

33. Defendant denies the assertions set forth in paragraph "33" of Plaintiffs' Statement, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents. Defendant further states that Ms. Trimmer, who has extensive experience in special education, testified that B.L. would have been appropriately placed and would have received a meaningful educational benefit in the CTT program at the recommended placement. See Tr. 50-52, 58-68.

34. Defendant denies the assertions set forth in paragraph "34" of Plaintiffs' Statement, and states that a service provider "who provided the student with speech/language therapy" could not have attended the IEP meeting because B.L. did not have such a provider at Winston Prep (which B.L. also attended during the 2007-2008 school year) or otherwise receive speech and language services. Tr. 104, 126, 244, 252-53.

35. Defendant denies the assertions set forth in paragraph "35" of Plaintiffs'

Statement, denies that the cited exhibit provides support for plaintiffs' assertions, and states that B.L.'s IEP directly addressed his then-present levels of performance as related to his speech and language needs. See Def.'s Ex. 3 at 3-4.

36. Defendant denies the assertions set forth in paragraph "36" of Plaintiffs' Statement, and states that the information that the IEP incorporated included the results of a standardized test assessing B.L.'s academic skills in reading, writing, spelling, mathematics, and memory, as reported in the McCarton neurodevelopmental evaluation report. See Def.'s Ex. 7 at 1-2, 5, 7; Def.'s Ex. 3 at 3.

37. Defendant denies the assertions set forth in paragraph "37" of Plaintiffs' Statement, denies that the cited exhibit provides support for plaintiffs' assertions, and respectfully refers the Court to the section of the IEP that delineates annual goals and short-term objectives for B.L. for the 2008-2009 school year. See Def.'s Ex. 3 at 6-8.

38. Defendant denies the assertions set forth in paragraph "38" of Plaintiffs' Statement, denies that the cited exhibit provides support for plaintiffs' assertions, and states that the IEP contains an annual goal and short-term objectives pertaining to B.L.'s pragmatic language skills, which specifically address B.L.'s speech and language needs. See Def.'s Ex. 3 at 6; Tr. 198-99.

39. Defendant denies the assertions set forth in paragraph "39" of Plaintiffs' Statement, denies that the cited exhibit provides support for plaintiffs' assertions, and states that the June 10, 2008 IEP described B.L.'s then-present levels of academic performance and relied upon not only teacher estimates, but a variety of additional data about B.L., including teacher reports from Winston Prep, B.L.'s educational file, the McCarton neurodevelopmental evaluation, and a classroom observation. See Def.'s Ex. 3; Tr. 178.

40. Defendant denies the assertions set forth in paragraph "40" of Plaintiffs' Statement, and states that plaintiffs have cited no evidence in support of their assertions.

41. Defendant denies the assertions set forth in paragraph "41" of Plaintiffs' Statement, denies that the cited exhibit provides support for plaintiffs' assertions, and respectfully refers the Court to the section of the IEP that delineates annual goals and short-term objectives for B.L. for the 2008-2009 school year. See Def.'s Ex. 3 at 6-8.

42. Defendant denies the assertions set forth in paragraph "42" of Plaintiffs' Statement, and states that (a) plaintiffs have cited no evidence in support of their assertions and (b) the record contains evidence that B.L. would have been appropriately placed in the proposed CTT class at the recommended placement had plaintiffs not unilaterally placed him in Winston Prep. See Tr. 52, 68.

43. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "43" of Plaintiffs' Statement, except admits that Winston Prep is a private school, and denies that the cited testimony provides support for plaintiffs' assertions.

44. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "44" of Plaintiffs' Statement, denies that the cited evidence provides support for plaintiffs' assertions, and without admitting the truth of the cited testimony, respectfully refers the Court to the transcript and exhibit cited therein for a complete and accurate statement of their contents.

45. Defendant denies the assertions set forth in paragraph "45" of Plaintiffs' Statement and denies that the cited testimony provides support for plaintiffs' assertions, except admits upon information and belief that during the 2008-2009 school year at Winston Prep, B.L. took Math, Science, History, Literature, Writing, Language Skills, Focus, Physical Education,

and Art and that B.L. was taught in 12:1 classes.

46. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "46" of Plaintiffs' Statement and denies that the cited evidence provides support for plaintiffs' assertions.

47. Denies the assertions set forth in paragraph "47" of Plaintiffs' Statement, except admits that the cited progress reports addressed B.L.'s reading, writing, and study skills, and respectfully refers the Court to the exhibits cited therein for a complete and accurate statement of their contents.

48. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "48" of Plaintiffs' Statement, except admits that B.L.'s literature teacher testified that B.L. was at about a twelfth grade reading level, denies that reading comprehension was a relative strength for B.L., denies that the cited exhibit provides support for plaintiffs' assertions as it discusses plans for B.L. for the 2008-2009 school year and not what B.L. had actually done, respectfully refers the Court to the exhibit and transcript cited therein for a complete and accurate statement of their contents, and states that B.L.'s Focus teacher testified that B.L.'s reading comprehension remained at an eighth grade level towards the end of the 2008-2009 school year at Winston Prep (as of February 26, 2009). See Tr. 159:16-19, 162:5-11.

49. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "49" of Plaintiffs' Statement, denies that the cited exhibit provides support for plaintiffs' assertions as it discusses plans for B.L. for the 2008-2009 school year and not what B.L. had actually done, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement of its contents.

50. Defendant does not have sufficient information concerning the truth of the

assertions set forth in paragraph "50" of Plaintiffs' Statement, denies that the cited exhibit[3] provides support for plaintiffs' assertions as it discusses plans for B.L. for the 2008-2009 school year and not what B.L. had actually done, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement of its contents.

51. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "51" of Plaintiffs' Statement, denies that the cited exhibit provides support for plaintiffs' assertions as it discusses plans for B.L. for the 2008-2009 school year and not what B.L. had actually done, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement of its contents.

52. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "52" of Plaintiffs' Statement, denies that the cited evidence provides support for plaintiffs' assertions, and respectfully refers the Court to the exhibit and transcript cited therein for a complete and accurate statement of their contents.

53. Defendant denies the assertions set forth in paragraph "53" of Plaintiffs' Statement, denies that the cited testimony indicates that B.L. "succeed[ed] academically and socially" at Winston Prep, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents. Defendant further states that B.L. was estimated to be working below grade level in writing and reading comprehension, two of B.L.'s "greatest areas of deficit," towards the end of the 2008-2009 school year at Winston Prep (as of February 26, 2009). See Tr. 147-48, 159:16-19, 162:5-11, 164:1-8. B.L. had been estimated to be working at the same grade level (eighth grade level) in reading comprehension and writing at the end of the previous school year (2007-

---

[3] Plaintiffs cite "Ex. 1-3-4," but it appears that plaintiffs intend to cite Plaintiffs' Exhibit I.

2008). See Def.'s Ex. 3 at 3.

54. Defendant denies the assertions set forth in paragraph "54" of Plaintiffs' Statement, respectfully refers the Court to the progress report cited therein for a complete and accurate statement of its contents, and states that that progress report indicates that "study hall is on the table again for next semester" due to B.L.'s missed homework assignments, Pls.' Ex. J at 1, that B.L. "participates infrequently, completes homework irregularly, doesn't verbalize his confusion or seek help when needed, and is generally a passive student," id. at 3, and that B.L. "has not been an active participant in class," id. at 4. Defendant further states that B.L. did not make progress in writing and reading comprehension, remaining at an eighth grade level (or below) in both areas while at Winston Prep during the 2008-2009 school year, as he had been at the end of the 2007-2008 school year. See Def.'s Ex. 3 at 3; Tr. 147-48, 159:16-19, 162:5-11, 164:1-8.

55. Defendant denies the assertions set forth in paragraph "55" of Plaintiffs' Statement, except admits upon information and belief that B.L. did not fail any classes during the 2008-2009 school year and that he earned credits toward a high school diploma, and without admitting the truth of the testimony therein, respectfully refers the Court to the transcript cited therein for a complete and accurate statement of its contents. Defendant further states that B.L. received at least one grade that was below the B range during the 2008-2009 school year. See Pls.' Ex. J at 3.

56. Defendant denies the assertions set forth in paragraph "56" of Plaintiffs' Statement, and states that plaintiffs have cited no evidence in support of their assertions.

Dated: New York, New York
March 3, 2011

                                      MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-185
New York, NY 10007
(212) 788-0908
Fax: (212) 788-0940
tgantz@law.nyc.gov

By:_____s/_____
    Toni Gantz
    Assistant Corporation Counsel